Judge Owslev
delivered the Opinion of the Court.
This action was brought by the executors of Elisha Roberts deceased, upon the, following writing:
On or before the 25th day of December next, I bind myself to pay Elisha Roberts, the sum of one hundred dollars, payable in current money of Kentucky, for value received, witness my hand and seal this 8th day of April, 1822.”
Joseph Logsdon, (Seal,)”
'After craving oyer of the writing, Logsdon pleaded, £fthat after executing and delivering the note and before the commencement of this suit, to-wit, on day of at the county and circuit, aforesaid, there existed a controversy between the plaintiffs and defendant concerning the note aforesaid, and whether the same should be discharged in gold or silver, or in Commonwealth’s Bank paper, and the defendant- and plaintiffs, then and there, by parol, appointed William Goodloe and Joseph Kennedy to hear and determine for them said controversy, and mutually promised each other to stand to and abide by the award of the said William Goodloe and Joseph Kennedy thereupon; and the said defendant avers, that the said Goodloe and Kennedy, afterwards, to-wit, on the day of aforesaid, at the county and circuit aforesaid, beard the said defendant and plaintiffs, and adjudged upon the premises and-awarded, that the said defendant should pay the said plaintiffs the sum of one hundred dollars in notes on the bank of the Commonwealth, and thereupon should be die - charged from the note aforesaid, and notified the defendant and plaintiffs thereof; and the said de iendant further avers, that afterwards, to-wit, on the day of aforesaid, at the county and circuit aforesaid, in pursuance of said award, lie tendered to said plaintiffs the said sum of one lain iked dollars; in notes on the CommQmvealih’s hank. *256 which the said plaintiffs utterly refused to accept, &c.
Demurrer (o the plea sustained, and judgment of i he circuit court for plaintiff.
Question stand.
The statute of Kentucky, Dig. L. K. 89, docs not apply where tho ..ubmission & award aro by carol.
But (lie statute does not alter the common law of arbitrament and award.
After submission and aivard in a case where it is obligatory, :m action cannot be maintained on the original cause; if the award be not performed, the action Must be c-n it.
The plaintiffs demurred to this plea, and the demurrer being joined, was sustained by the court, and the defendant failing to answer, further judgment was entered in faVor of the plaintiffs for the amount of the note, with interest and cost.
To reverse that judgment, this writ of error, with supersedeas, is prosecuted.
The sole question for decision is, as to the suffi ciency of the-plea to bar the action of the plaintiffs in the court below.
It need scarcely be remarked, that this question must be decided by the principles of .the common law. By adverting to the act of the Legislature of this country upon the subject of awards, it will be perceived, at the first glance, that the submission and award relied on in the plea as a bar to the action of the plaintiff in the court below, can derive no aid from the act. The submission and award are both alleged by the plea, to have been verbally made, and the act contains no provision that can, upon any rule of interpretation, be construed to apply to submissions or awards of that character.
But the act contains nothing going to do away the- validity of awards, which, by the preexisting law, would be binding on the parties, and of course the enquiry arises, does the submission and award mentioned in the plea, upon common law principles, form a good bar to the action?
It is no doubt at common law generally true, that; after an award made by arbitrators in pursuance of a submission by the parties, no action can be sustained upon the original cause submitted. For a breach of the award, the submission and award form the foundation of an action, and the party injured must resort to that action, and is not allowed to travel back and prosecute his suit upon tho original demand, submitted to the determination of the arbitrators; and if he should do so, the action, may be defeated by the defendant pleading in bar the submission and award. This at common law-may in the general, be done, whether the submission and award be in writing or yerbal onl”
Where the matter is not. subject of arbitration, or it is a covenant and the submission is by parol, the original demand is not effected.
Query — Wh therdebt oe. a bond is tn subject of ¡,ñ bitratidn.
Caperton for plaintiff; Turner for defendant*
To this general rule, however, there aré exceptions) as, for example, wherever by the rules of law, the matter in contest is not the matter of arbitration, the- right of parties can never be changed or effected by any submission or award; or where from the subject of arbitration, a writing is necessary to pass the right to the thing in demand, or to defeat or destroy the demand, the submission and award to be availing as a bar to that demand, must be in writing. Thus it is said that where the matter in contest arises on a deed, in all such cases, the submission must be by deed; because a specialty can never be answered but by á specialty. KLydd on award, 51-2, and the authorities there cited.
An attempt is also made by Kydd, to prove, that at common law, a debt on a bond for a certain sum of money is not the subject of arbitration; hut whether or notin that he has beén successful; it is not essential for us now to enquire; for, conceding the doctrine of the law to be otherwise, we are constrained to say, that in such a cash, the submission and award, to be of any avail, must be by deed; It follows, therefore, that as the action in this case is founded on a specialty, the parol submission and award relied on in the plea, constitute no good defence to the action.
The judgment must consequently be affirmed, with cost and damages.